IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DONALD LESLEY AMES, JR.                                                                    PLAINTIFF

v.                          Civil No. 5:23-cv-05171-TLB-CDC

PAROLE OFFFICER EMILY ENNIS;
MARK BERNTHAL, Parole Officer Supervisor;
OFFICER WOODS; JUSTIN WILHITE                                                        DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by Plaintiff, Donald L. Ames, Jr. ("Ames"), pursuant to 42 U.S.C. § 1983. Ames proceeds *pro se* and *in forma pauperis*. Ames is currently incarcerated in the Benton County Detention Center. The Defendants are being sued in both their individual and official capacities.[1]

This case is before the Court on the Motion to Dismiss (ECF No. 12) the Amended Complaint (ECF No. 7) filed by Defendants Mark Bernthal, Officer Woods, and Justin Wilhite. Ames has responded to the Motion. (ECF No. 17). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred the

---

[1] Defendant Ennis was served but has not responded to the Amended Complaint. On December 4, 2023, a Show Cause Order was entered directing Defendant Ennis to show cause why default should not be entered against her. (ECF No. 14). Defendant Ennis did not respond to the Show Cause Order. However, due to the pendency of this Motion to Dismiss, entry of default has not been made. Defendants Bernthal, Woods, and Wilhite include in their Motion to Dismiss a footnote indicating that Ames and Defendant Ennis were in the process of obtaining a divorce. Public records available on the Arkansas Court Records website shows *Ennis v. Ames,* 04DR-23-1221, was filed on August 7, 2023. A divorce decree was entered on December 19, 2023. This law suit was filed on October 4, 2023.
https://caseinfo.arcourts.gov/opad/search?context=case&searchTerm=04DR-23-1221
(last accessed Feb. 12, 2024).

1

Motion to Dismiss to the undersigned for the purpose of making a Report and Recommendation.

## I.　　BACKGROUND

According to the allegations of the Amended Complaint, Defendant Ennis was serving as Ames' probation officer in 2016. (ECF No. 7 at 4). Between May and August of 2016, Ames asserts that Defendant Ennis used her position of power as a probation officer for Arkansas Community Correction to "get [him] to engage in sexual activities with her. She abused her power by trading sex for more lenient drug court sanctions." *Id.* Ames says Defendant Ennis' co-workers, Defendants Wilhite and Woods, helped cover it up. *Id.* Ames indicates Defendant Ennis' supervisor, Defendant Bernthal, was informed of the sexual abuse by another victim. *Id.* at 4-5. Instead of reporting the crime, Ames says Defendant Ennis was simply allowed to resign. *Id.*

Ames maintains the sexual abuse and cover up contributed to his PTSD, anxiety, and panic attacks. (ECF No. 7 at 5). Ames states the cover up by Defendants Woods, Wilhite, and Bernthal has caused him anxiety about going to the parole office. *Id.* Ames says: "If they are willing to cover up this crime there is no telling what they may do to me which has been a contributing factor in my current incarceration." *Id.* When asked to describe the custom, policy, or widespread practice that he believed caused the violation of his constitutional rights, Ames wrote: "officers should be of the same sex or more than one officer in a room at a time." *Id.*

As relief, Ames asks for five million dollars in compensatory damages. (ECF No. 9). Ames says the damages are for his lifelong mental health issues [the incident] has created." *Id.*

## II.　　APPLICABLE STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

### III. DISCUSSION

Defendants maintain this action should be dismissed on the following grounds: (1) the statute of limitations bars the claims; (2) the official capacity claims are barred by the Eleventh Amendment; and (3) they are entitled to qualified immunity on the individual capacity claims. The Court finds it unnecessary to address the latter two arguments as it agrees the action is barred by the statute of limitations.

"Congress did not establish a statute of limitations or a body of tolling rules applicable to actions brought in federal court under § 1983 – a void which is commonplace in federal statutory law." *Bd. of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 483 (1980). Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Wilson v. Garcia*, 471 U.S. 261, 268 (1985). In Arkansas, this is the three-year personal injury statute of limitations codified at Ark. Code Ann. § 16-56-105(3). *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001). "[A] state statute of limitations and the coordinate

3

tolling rules are more than a technical obstacle to be circumvented if possible. In most cases, they are binding rules of law." *Bd. of Regents*, 446 U.S. at 484.

"The purpose of a statute of limitations is to encourage the prompt filing of claims by allowing no more than a reasonable time within which to make a claim so a defendant is protected from having to defend an action in which the truth-finding process would be impaired by the passage of time." *McEntire v. Malloy*, 707 S.W.2d 582, 586 (Ark. 1986) (citation omitted). In *Arkansas v. Diamond Lakes Oil Co.*, 66 S.W.3d 613, 616-17 (Ark. 2002), the Arkansas Supreme Court stated that, "[t]he limitation period found in § 16-56-105 begins to run when there is a complete and present cause of action, and in the absence of concealment of the wrong, when the injury occurs, not when it is discovered."

Here, the statute of limitations accrued no later than August of 2016. While Ames argues the injury from Defendant Ennis' actions and the cover up continues to cause him problems so long as he is subject to the supervision of the parole office, this does not change the fact that the alleged sexual abuse occurred in 2016. (ECF No. 17 at 2).

Ames further argues that there is no statute of limitations on crimes of a sexual nature. *Id.* at 3. He points to the prosecution of Bill Cosby and others. Ames suggests he developed Stockholm Syndrome, a psychological phenomenon where hostages or victims of abduction develop positive feelings, empathy, or even loyalty toward their captors. (ECF No. 17 at 4). Ames suggests this genuine psychological response to trauma "gives reasoning" to his later marriage to Defendant Ennis. *Id.* Ames maintains his mind reacted to the sexual abuse much like that of a kidnapping victim. *Id.* Ames refers to Court to Ark. Code Ann. § 5-14-126 which sets forth the crime of sexual assault in the third degree. Section 5-14-126 states, in relevant part,

4

that a person commits sexual assault in the third degree if the person "[e]ngages in sexual intercourse or deviate sexual activity with another person who is not the actor's spouse, and the actor is . . . [e]mployed by or contracted with the Division of Community Correction . . . and the actor is supervising the person while the person is on probation, parole, or post-release supervision." Ark. Code. Ann. § 5-14-126(a)(1)(B).  Whether or not Defendant Ennis can still be prosecuted under Arkansas criminal law is not the issue before the Court.  Instead, the issue is whether this § 1983 civil rights action is barred by expiration of the limitations period, and the Court finds it is.

## IV.  CONCLUSION

For the reasons stated, it is recommended the Motion to Dismiss (ECF No. 12) be **GRANTED and this case be DISMISSED WITH PREJUDICE.**

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Status of the Referral:  The referral terminates upon entry of this Report and Recommendation.

RECOMMENDED this 20th day of February 2024.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

5