# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
### FAYETTEVILLE DIVISION

**DONALD LESLEY AMES, JR.**                                              **PLAINTIFF**

**V.**                                        **CASE NO. 5:23-CV-5171**

**PAROLE OFFFICER EMILY ENNIS;**
**MARK BERNTHAL, Parole Officer Supervisor;**
**OFFICER WOODS; JUSTIN WILHITE**                              **DEFENDANTS**

## ORDER

Currently before the Court is the Report and Recommendation ("R&R") (Doc. 20) of the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas, submitted in this case on February 20, 2024, regarding a Motion to Dismiss (Doc. 12) filed jointly by all Defendants. Plaintiff Donald Lesley Ames, Jr. filed a Response in Opposition to the Motion. *See* Doc. 17. The Magistrate Judge recommends dismissing the case due to the expiration of the statute of limitations. Mr. Ames filed objections to the R&R on March 7, 2024. *See* Doc. 21. In light of the objections, the Court has conducted a *de novo* review of the case. *See* 28 U.S.C. § 636(b)(1).

According to the Amended Complaint, Defendant Emily Ennis was serving as Mr. Ames's probation officer in 2016. He alleges that she used her position of power to coerce him to have sex with her in exchange for more lenient drug court sanctions. Defendants Wilhite and Woods are accused of helping to cover up Ms. Ennis's misconduct. The R&R explains that the statute of limitations associated with these claims is three years.[1] Since

---

[1] Congress did not establish a statute of limitations for claims brought under 42 U.S.C. § 1983. Instead, such claims are governed by "the most appropriate or analogous state statute of limitations." *Wilson v. Garcia*, 471 U.S. 261, 268 (1985). The R&R opines that the most appropriate state statute of limitations pertains to claims for personal injury under Arkansas Code § 16-56-105(3).

it is undisputed that Mr. Ames was on notice of the conduct in 2016 and offers no justification for tolling the statute of limitations, the R&R concludes that the claims were filed too late and should be dismissed.

Mr. Ames contends that the Magistrate Judge relied on the wrong statute of limitations. He believes his claims fall under Arkansas Code § 16-118-118, which pertains to civil actions brought by vulnerable victims of sexual abuse and carries with it an extended limitations period. However, a "vulnerable victim," per that statute, is defined as "a person who was either a person with a disability, a minor, or both at the time he or she was a victim of sexual abuse." Ark. Code. Ann. § 16-118-118(a)(6). Mr. Ames does not qualify as a "vulnerable victim" according to the facts set forth in his Amended Complaint. He asserts that he was an adult probationer and does not suggest he was "disabled" per the statute's definition of that term. His objection is **OVERRULED**.

**IT IS THEREFORE ORDERED** that the R&R is **ADOPTED IN ITS ENTIRETY**, and the Motion to Dismiss (Doc. 12) is **GRANTED** with respect to the expiration of the statute of limitations. The case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED** on this 15th day of March, 2024.

*/s/ Timothy L. Brooks*
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE